Charles B. Hendricks
State Bar No. 09451050
Emily S. Wall
State Bar No. 24079534
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Direct Dial: (214) 573-7307
Email: ewall@chfirm.com

Attorneys for Anne Elizabeth Burns, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In Re: § <br> § <br> ISMAIL ESSA BHAI, § <br> § <br> Debtor. § <br> § | Case No. 23-30690-sgj7 |

# TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT WITH DI HAO ZHANG

Anne Elizabeth Burns, Chapter 7 Trustee in this bankruptcy case (the "Trustee"), moves the Court, pursuant to Bankruptcy Rule 9019, for approval of a settlement between the Trustee and Di Hao Zhang and would show the Court as follows:

## BACKGROUND

1. Ismail Bhai (the "Debtor") filed his voluntary chapter 7 bankruptcy case on April 5, 2023. Since her appointment, the Trustee has been investigating the Debtor's financial affairs, including pre-bankruptcy transfers and other transactions disclosed by the Debtor on the Statement of Financial Affairs or at the section 341 meeting of creditors.

2. On September 1, 2023, the Court authorized the employment of Nelson Mullins Riley & Scarborough, LLP ("NMRS") to represent the estate as special counsel [Dkt. No. 50]. NMRS subsequently initiated an adversary proceeding under the following style and number:

| | |
|---|---|
| ANNE ELIZABETH BURNS, in her capacity as Chapter 7 Trustee, § § § Plaintiff, § § v. § § DI HAO ZHANG, § § Defendant. § | Adversary No. 24-03007-sgj |

(the "Adversary Proceeding"). In this Adversary Proceeding, the complaint of the Trustee (the "Complaint") alleged fraudulent transfer claims under Sections 544 and 548 of the Bankruptcy Code against Di Hao Zhang, an individual. Specifically, the Complaint alleged that the Mr. Zhang had received a transfer of $260,000 from the Debtor (the "Transfer") that is recoverable under these provisions of the Bankruptcy Code. Mr. Zhang moved to dismiss the Adversary Proceeding. After his motion was denied, Mr. Zhang answered denying the substance of the Trustee's allegations and asserting various affirmative defenses.

3. As a result of the negotiations, the parties agreed to a Settlement Agreement and Release which is attached hereto as **Exhibit A** (the "Agreement"). The Agreement provides that upon approval of the proposed compromise by this Court, Mr. Zhang will pay the bankruptcy estate $225,000. The Agreement also provides for releases except as to enforce the terms of the Agreement and as otherwise provided in the Agreement between (i) Mr. Zhang, his wife and various of their family entities (collectively, the "Zhang Parties"), on the one hand; and (ii) the Trustee, Benefit Street Partners Realty Operating Partnership, L.P. and BSP OF Finance, LLC.

Accordingly, the Agreement that is the subject of this motion provides for a recovery for the estate of 86.5% of the funds made by the Transfer.

## RELIEF REQUESTED AND SUPPORTING AUTHORITY

4. Federal Rule of Bankruptcy Procedure 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement."

5. Although no specific standards for approval of a compromise and settlement are outlined in either the Bankruptcy Code or the Rules, guidelines for trial courts in reviewing compromises and settlements in the context of a bankruptcy case were established by the United States Supreme Court in *Protective Committee for Independent Stockholders of TNT Trailer Ferry, lnc. v. Anderson,* 390 U.S. 414 (1968). The Supreme Court found that in evaluating the benefits a compromise and settlement will have for a bankruptcy estate, trial courts must apply several factors. These factors (the "Settlement Factors") include: (i) the complexity and expense of the potential litigation; (ii) the delay to the administration of the estate associated with fully litigating the contested issues; (iii) the probability of success in complete resolution of the issues in dispute; and (iv) the final outcome and the best interest of creditors test. The Fifth Circuit has adopted these same criteria in its decision in *American Can Co. v. Herpel (In re Jackson Brewing Company),* 624 F.2d 605, 607 (5th Cir. 1980). *See also, United States v. Aweco, Inc. (In re Aweco,* Inc.), 725 F.2d 293 (5th Cir. 1984) (court may approve a compromise or settlement only when it is "fair and equitable").

6. The Trustee has reviewed the Agreement in light of the foregoing Settlement Factors and believes the Agreement is well within the scope of Bankruptcy Rule 9019. Under the Agreement, the Trustee will recover 86.5% of the Transfer value, and only has to provide releases to the. Zhang Parties. The Trustee is not aware of any other claims against the Zhang Parties included within the release, and so there is no loss to the estate in entering into the Agreement. Moreover, the Zhang Parties

will release the bankruptcy estate and not file a proof of claim, and as a result the claims asserted against the bankruptcy estate will not increase as a result of the compromise. Finally, the compromise was reached at the earliest stage of litigation, thereby limiting to a great degree the amount of administrative expenses involved to recover the funds involved in the Transfer. Based on this analysis, the Trustee submits that the Agreement is fair and equitable, and believes and is of the opinion that it is in the best interests of the bankruptcy estate, the estate's creditors, and all parties-in-interest. Additionally, the Trustee believes and is of the opinion that the Agreement meets the criteria for approval under the Fifth Circuit's decisions in *Jackson Brewing* and *Aweco* and Rule 9019 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, the Trustee, respectfully requests that the Court enter an order (i) approving the Agreement; (ii) authorizing the Trustee and the Zhang Parties to take all actions that are, in the opinion of the parties, reasonably necessary to effectuate the Agreement, and (iii) granting the Trustee such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Emily S. Wall
Charles B. Hendricks
State Bar No. 09451050
Emily S. Wall
State Bar No. 24079534
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Direct Dial: (214) 573-7307
Email: ewall@chfirm.com

Attorneys for Anne Elizabeth Burns, Chapter 7 Trustee