# SETTLEMENT AND RELEASE AGREEMENT

**THIS SETTLEMENT AND RELEASE AGREEMENT** (the "**Agreement**") is entered into this 23rd day of October, 2024, by and among ANNE ELIZABETH BURNS, not in her individual capacity but solely in her capacity as chapter 7 trustee (the "**Trustee**"), DI HAO ZHANG, an individual ("**Mr. Zhang**"), and BENEFIT STREET PARTNERS REALTY OPERATING PARTNERSHIP, L.P., a Delaware limited partnership, and BSP OF FINANCE, LLC, a Delaware limited liability company (collectively, "**Benefit Street**"). Each of the foregoing are collectively referred to herein as the "**Parties**" and each a "**Party**".

## RECITALS

WHEREAS, on April 5, 2023 (the "**Petition Date**"), Ismail Essa Bhai, an individual (the "**Debtor**") filed a voluntary petition for relief under chapter 7 of title 11, of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**"), initiating the bankruptcy case captioned *In re Ismail Essa Bhai*, Case 23-30690-sgj7 (the "**Bankruptcy Case**");

WHEREAS, prior to the Petition Date, Benefit Street and Mr. Zhang were parties to certain litigation styled *Benefit Street Partners Realty Operating Partnership, L.P., et al. v. Zhang, et. al.*, Index No. 653238/2022 (N.Y. Sup. Ct.), later removed and styled *Benefit Street Partners Realty Operating Partnership, L.P., et al. v. Zhang, et. al.*, Case No. 1:23-cv-04182-CM (S.D.N.Y.) (the "**Benefit Street Litigation**");

WHEREAS, prior to the Petition Date, Benefit Street, on the one hand, and Qiao Chu Rachel Bu and Xiao Chang, each in their capacity as a Trustee of the Zhang Bu Legacy Trust, on the other hand, were parties to certain litigation styled *Benefit Street Partners Realty Operating Partnership, L.P., et al. v. Bu et al.*, Index No. 651197/2023 (N.Y. Sup. Ct.) (the "**Trust Litigation**");

WHEREAS, the Trustee was duly appointed as trustee of the Debtor's bankruptcy estate;

WHEREAS, on January 24, 2024, the Trustee timely commenced an adversary proceeding captioned *Burns v. Zhang*, Adv. Proc. No. 24-03007-sgj (Bankr. N.D. Tex.) (the "**Adversary Proceeding**") by filing a complaint alleging that the Debtor had made certain transfers to Mr. Zhang that were avoidable under Sections 544, 548, and 550 of the Bankruptcy Code and TEX. BUS. & COM. CODE §§ 24.005 and 24.006 (the "**Complaint**");

WHEREAS, on March 25, 2024, Mr. Zhang filed a motion to dismiss the Adversary Proceeding, which the Bankruptcy Court denied on June 5, 2024;

WHEREAS, Mr. Zhang filed his answer to the Complaint on June 20, 2024;

WHEREAS, Mr. Zhang and the Trustee now desire to resolve the claims at issue in the Adversary Proceeding on the terms and conditions contained in this Agreement; and

WHEREAS, Benefit Street, as a creditor of the Debtor and the Debtor's bankruptcy estate, will benefit from the Parties' entry into this Agreement.

NOW THEREFORE, for and in consideration of the promises, performance of the terms and conditions recited herein, the releases contained herein and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties hereby agree as follows:

## AGREEMENT

1. **Recitals**.  The foregoing recitals are confirmed by the Parties as true and correct and are incorporated herein by reference. The recitals are a substantive, contractual part of this Agreement.

2. **Bankruptcy Court Approval; Effective Date**.

   (a) The Parties acknowledge that this Agreement is subject to the Bankruptcy Court's approval pursuant to FED. R. BANKR. P. 9019 and, notwithstanding anything else contained herein, shall not be effective until an order granting such approval has been entered by the Court and has become final and non-appealable.

   (b) Within five (5) business days after the date on which all Parties have executed this Agreement, the Trustee shall file a motion (the "**9019 Motion**") with the Bankruptcy Court, in form and substance acceptable to the Parties, for entry of an Order, also in form and substance acceptable to the Parties, approving the terms of this Agreement. The Trustee shall give notice of the 9019 Motion and any hearing thereon as required under the Federal Rules of Bankruptcy Procedure.

   (c) The "**Effective Date**" of this Agreement is the date that (i) is one (1) day after an order approving this Agreement becomes final and non-appealable pursuant to FED. R. BANKR. P. 8002 and (ii) the Settlement Payment has been made pursuant to this Agreement and has been confirmed received by the Trustee.

3. **Settlement Payment**.  Within five (5) days after an order approving this Agreement becomes final and non-appealable, Mr. Zhang shall cause a payment in the amount of two hundred twenty-five thousand dollars and no cents ($225,000.00), in good and immediately available funds (the "**Settlement Payment**"), to be made to the bankruptcy estate pursuant to payment instructions to be provided by the Trustee. Delivery of the Settlement Payment and confirmation of receipt thereof by the Trustee is a condition precedent to the effectiveness of this Agreement.

4. **Definitions Applicable to Releases**.

   (a) "**Estate Released Parties**" and "**Estate Releasors**", as context requires, means and refers, collectively, to each of the Trustee, the Debtor's bankruptcy estate, and their respective past, present, and future affiliates, subsidiaries, parents, members, managers,

officers, directors, shareholders, partners, administrative agents, servicers, employees, attorneys, heirs, assigns, representatives, predecessors and successors.

(b) "**Zhang Releasors**" and "**Zhang Released Parties**", as context requires, means and refers collectively to each of Mr. Zhang, 227 Investment Inc., Empire State Capital Ltd., Qiao Chu Rachel Bu individually and in her capacity as a Trustee of the Zhang Bu Legacy Trust, Xiao Chang in her capacity as a Trustee of the Zhang Bu Legacy Trust, the Zhang Bu Legacy Trust, and their respective past, present, and future affiliates, subsidiaries, parents, members, managers, officers, directors, shareholders, partners, administrative agents, servicers, employees, attorneys, heirs, assigns, representatives, predecessors and successors.

(c) "**Benefit Street Released Parties**" and "**Benefit Street Releasors**", as context requires, means and refers to Benefit Street Partners Realty Operating Partnership, L.P., BSP OF Finance, LLC, and their respective past, present, and future affiliates, subsidiaries, parents, members, managers, officers, directors, shareholders, partners, administrative agents, servicers, employees, attorneys, heirs, assigns, representatives, predecessors and successors.

5. **Release by Estate Releasors**. On the Effective Date, each of the Estate Releasors shall be deemed to release, acquit, and forever discharge each of the Zhang Released Parties from any and all claims, causes of action, suits, damages, judgments, liens, losses, expenses, recoupments, and demands whatsoever in law and in equity, contract or tort that the Estate Releasors had, now have, or may later have or claim to have against any of the Zhang Released Parties, individually or collectively, whether known or unknown, asserted or unasserted, fixed or contingent, liquidated or unliquidated, now accrued or that may accrue hereafter, that arose or transpired at any time from the beginning of time through the Effective Date, asserted in, could have been asserted in, arising from or in any way related to the Complaint, the Bankruptcy Case, and the Adversary Proceeding. The Estate Releasors covenant and agree not to sue or take any action against any of the Zhang Released Parties for any claim released under this Paragraph 5. Nothing herein shall release any of the Zhang Released Parties from their obligations under this Agreement or be deemed to impair, in any way, the Estate Releasors' rights to enforce this Agreement subject to its terms.

6. **Release by Zhang Releasors**. On the Effective Date, each of the Zhang Releasors shall be deemed to release, acquit, and forever discharge each of the Estate Released Parties and each of the Benefit Street Released Parties from any and all claims, causes of action, suits, damages, judgments, liens, losses, expenses, recoupments, and demands whatsoever in law and in equity, contract or tort that the Zhang Releasors had, now have, or may later have or claim to have against any of the Estate Released Parties and/or the Benefit Street Released Parties, individually or collectively, whether known or unknown, asserted or unasserted, fixed or contingent, liquidated or unliquidated, now accrued or that may accrue hereafter, that arose or transpired at any time from the beginning of time through the Effective Date, asserted in, could have been asserted in, arising from or in any way related to the Benefit Street Litigation, the Trust Litigation, the Complaint, the Bankruptcy Case, and the Adversary Proceeding. The Zhang Releasors covenant and agree not to sue or take any action against any of the Estate Released Parties or Benefit Street Released Parties

for any claim released under this Paragraph 6. Nothing herein shall release any of the Estate Released Parties or Benefit Street Released Parties from their obligations under this Agreement or be deemed to impair, in any way, the Zhang Releasors' rights to enforce this Agreement subject to its terms.

7. **Release by Benefit Street Releasors**. On the Effective Date, each of the Benefit Street Releasors shall be deemed to release, acquit, and forever discharge each of the Zhang Released Parties from any and all claims, causes of action, suits, damages, judgments, liens, losses, expenses, recoupments, and demands whatsoever in law and in equity, contract or tort that the Benefit Street Releasors had, now have, or may later have or claim to have against any of the Zhang Released Parties, individually or collectively, whether known or unknown, asserted or unasserted, fixed or contingent, liquidated or unliquidated, now accrued or that may accrue hereafter, that arose or transpired at any time from the beginning of time through the Effective Date, asserted in, could have been asserted in, arising from or in any way related to the Benefit Street Litigation, the Trust Litigation, the Complaint, the Bankruptcy Case, and the Adversary Proceeding. The Benefit Street Releasors covenant and agree not to sue or take any action against any of the Zhang Released Parties for any claim released under this Paragraph 7.

8. **Representations and Warranties**. Each of the Parties makes the following representations and warranties, and agrees and acknowledges that these and all other representations and warranties contained in this Agreement are material to this Agreement:

(a) Each person signing this Agreement on behalf of a Party is fully competent to execute this Agreement and has all necessary authority to bind the Party on whose behalf they are signing to the promises, covenants, representations, warranties, terms and conditions set forth herein.

(b) This Agreement is not being made or entered into with the actual intent to hinder, delay or defraud any entity or person.

(c) No representations regarding the nature and extent of legal liability of any of the Parties has induced any Party to enter into this Agreement.

(d) Each of the Parties is the current respective owner of the claims released herein, and there has been no assignment, sale, or other transfer or disposition of any interest therein prior to the Effective Date.

(e) Each Party has been represented by counsel in the negotiation of this Agreement and the Agreement has been reviewed by the Parties' respective counsel.

(f) The consideration given and received by each Party in respect of the promises, covenants, and obligations made under this Agreement represents reasonably equivalent value therefor.

9. **Attorneys' Fees and Expenses**. Each Party shall bear their own attorneys' fees and expenses in connection with this Agreement and the subject matter thereof. Nothing herein

shall be construed to waive or release any Party's ability to seek attorneys' fees and expenses, as available under applicable law, in connection with the enforcement of this Agreement or any matter not released hereunder.

10. **Confidentiality**. The Parties agree, subject to the terms of this Agreement and applicable law, to keep the terms of this Agreement confidential and not to disclose the terms or amounts to any person other than the Parties' attorneys and accountants, except as necessary in any action to enforce the terms of this Agreement or as required by law or a court order, or as necessary to comply with a valid subpoena, provided that the Party receiving the order or subpoena notifies the other Parties within a reasonable period of time subsequent to the receipt of such order or subpoena in order to allow an opportunity to object. Each of the Parties acknowledges and agrees that a fully executed copy of this Agreement will be attached as an exhibit to the 9019 Motion.

11. **Governing Law**. This Agreement, including its interpretation and enforcement, shall be governed by the Bankruptcy Code and the laws of the State of Texas, as applicable, without regard to any state's choice of law rules.

12. **Jurisdiction of Bankruptcy Court**. The Parties hereby acknowledge and agree that the Bankruptcy Court shall have exclusive jurisdiction to enforce and adjudicate any dispute arising under this Agreement. The provisions of this Paragraph 12 shall survive the closure of the Bankruptcy Case and/or the termination of this Agreement.

13. **Drafting**. This Agreement was negotiated and drafted with the full participation of the Parties and their respective counsel. In the event that it is determined that any ambiguity exists in this Agreement, any such ambiguity shall not be resolved or otherwise construed against any particular Party by virtue of the fact that it participated in the drafting, but rather, shall be resolved by a fair reading of the intent of the Parties as established herein.

14. **Successors and Assigns**. The Parties agree that the terms, covenants, and obligations set forth herein shall inure to the benefit of and be binding upon each of their respective agents, attorneys, officers, directors, members, managers, employees, representatives, administrators, executors, successors and assigns.

15. **Headings**. The headings herein have been used to designate the various sections of this Agreement and are solely for convenience and ease of reference and shall not be construed in any event or manner as interpretive of this Agreement.

16. **Modifications**. Any future waiver, alteration, amendment or modification of any of the provisions of this Agreement shall not be valid or enforceable unless in writing and signed by all Parties, it being expressly agreed that this Agreement cannot be modified orally, by course of dealing or by implied agreement.

17. **Severance**. If any provision of this Agreement is found to be contrary to law or void, the remainder of the Agreement shall be considered valid and enforceable and shall remain in full force and effect and shall in no way be affected, impaired, or invalidated.

18. **Multiple Counterparts**. This Agreement may be signed in multiple counterparts, each of which will be deemed an original and all of which taken together will constitute one instrument binding upon the Parties, notwithstanding that each Party is not a signatory to the same counterpart. Any scanned PDF or facsimile counterparts shall be considered originals.

19. **Strict Compliance**. The failure of any Party at any time or times to demand strict performance by the other Parties of any of the terms, covenants, or conditions set forth herein shall not be construed as a continuing waiver or relinquishment thereof. Any Party may, at any time, demand strict and complete performance by the other Parties of the terms, covenants, and conditions of this Agreement.

20. **No Admission**. Nothing herein shall be deemed or construed to be an admission or acknowledgment of any liability by or of any Party.

21. **Notice**. Any notice required to be provided pursuant to this Agreement shall be provided by electronic mail and/or overnight delivery to the Parties as follows:

| | |
|---|---|
| If to the Trustee: | Anne Elizabeth Burns<br>900 Jackson Street, Suite 570<br>Dallas, Texas 75202<br>aburns@chfirm.com |
| With copies to: | Cavazos Hendricks Poirot, P.C.<br>900 Jackson, Suite 570<br>Dallas, Texas 75202<br>Attn: Charles B. Hendricks, Esq.<br>chuckh@chfirm.com |
| | Nelson Mullins Riley & Scarborough, LLP<br>201 17th Street NW, Suite 1700<br>Atlanta, Georgia 30363<br>Attn: Adam D. Herring, Esq.<br>adam.herring@nelsonmullins.com |
| If to Mr. Zhang: | 1270 6th Avenue, 7th Floor<br>New York, New York 10020 |
| With a copy to: | Akerman LLP<br>2001 Ross Avenue, Suite 3600<br>Dallas, Texas 75201<br>Attn: Michael D. Napoli, Esq.<br>michael.napoli@akerman.com |

4861-8392-4973 v.5

**EXHIBIT A**
**Page 6 of 8**

Cisco Confidential

  If to Benefit Street:  1345 Avenue of the Americas, Suite 32A
            New York, New York 10105
            Attn: Micah Goodman

  With a copy to:   Nelson Mullins Riley & Scarborough, LLP
            201 17th Street NW, Suite 1700
            Atlanta, Georgia 30363
            Attn: Lee B. Hart, Esq.
            lee.hart@nelsonmullins.com

  22. **Agreement Binding on Future Trustees and Debtor-in-Possession**.  For the avoidance of doubt, the Parties agree that the Agreement shall be binding on any successor to the Trustee or any other trustee appointed under the Bankruptcy Code, including without limitation Sections 701, 1104, or 1302 of the Bankruptcy Code, and on any debtor-in-possession.

  23. **Survival**.  This Agreement shall survive, and its terms shall remain binding on the Parties, in the event the Bankruptcy Case is converted to a case under any other chapter of the Bankruptcy Code or is dismissed.

  24. **Entire Agreement**.  The Parties agree that this Agreement sets forth the entire agreement of the Parties in relation to its subject matter and that no prior oral or written matters extrinsic to this Agreement shall have any force or effect.

[REMAINDER OF PAGE LEFT BLANK]
[SIGNATURES ON FOLLOWING PAGES]

IN WITNESS WHEREOF, the Parties have set their hands and seals as of the Agreement Date above.

**ANNE ELIZABETH BURNS,** not in her individual capacity but solely in her capacity as Chapter 7 Trustee

By: /s/ Anne Burns, Trustee

**BENEFIT STREET PARTNERS REALTY OPERATING PARTNERSHIP, L.P.,** a Delaware limited partnership

By: _____
Name: Micah Goodman
Title: Authorized Signatory

**BSP OF FINANCE, LLC,** a Delaware limited liability company

By: _____
Name: Micah Goodman
Title: Authorized Signatory

**DI HAO ZHANG,** an individual

_____

**227 INVESTMENT, INC.,** a [___] corporation,

By: _____
Name: Di Hao Zhang
Title: Director

**EMPIRE STATE CAPITAL LTD.,** a [___]

By: _____
Name: Di Hao Zhang
Title: Director

**QIAO CHU RACHEL BU,** an individual, individually and in her capacity as Trustee of the Zhang Bu Legacy Trust

_____

**XIAO CHANG,** an individual, in her capacity as Trustee of the Zhang Bu Legacy Trust

_____